# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **BRANDON BIRDOW** | § | |
| | § | |
| **V.** | § | **A-13-CV-709-LY** |
| | § | |
| **HARVEY M. ALLEN, MCCREARY,** | § | |
| **VESELKA, BRAGG &ALLEN P.C.** | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND
## REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

Before the Court is Brandon Birdow's ("Birdow") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Birdow's Financial Affidavit in support of his *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Birdow *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Birdow is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Birdow's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e).  Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Birdow has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).  A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations and Claims

Birdow asserts claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et al*, and the  Texas Fair Debt Collection Act ("TDCA"), Texas Financial Code §§ 392.001 *et al.*   In his Complaint, Birdow asserts that he is a natural person who is obligated to pay a debt owed to a creditor other than Defendant Harvey M. Allen, McCreary, Veselka, Bragg & Allen P.C.  He asserts that Harvey M. Allen, McCreary, Veselka, Bragg & Allen P.C. is a "debt collector" under the relevant statutes, and that Defendant "uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another." Complaint at p. 4.

Birdow complains that in connection with an attempt to collect a debt, Defendant sent him a letter dated January 25, 2013 stating, "This communication from a debt collector is an attempt to collect a debt.  Any information obtained from you will be used for that purpose."  Birdow asserts that Defendant sent him another letter dated June 20, 2013, containing the same statement. *Id.* Birdow asserts that these communications "constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages." *Id.*

3

**B.     Analysis**

The standard for determining whether a complaint fails to state a claim under § 1915(e) is identical to the legal standard used when ruling on FED. R. CIV. P. 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in dismissing for failure to state a claim under § 1915(e)(2)(B)).   A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

"[T]o prevail on an FDCPA claim, [Birdow] must prove the following: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Browne v. Portfolio Recovery Assocs., Inc.*, 2013 WL 871966, at *4 (S.D. Tex. Mar.7, 2013) (citing *Stewart v. Alonzo*, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)).   The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The Act's definition of the term "debt collector" includes a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." 15 U.S.C. § 1692a(6). Thus, for purposes of this Order, the Court will assume that Birdow has adequately pled both: (1) that he has been the object of collection activity involving a consumer debt; and (2) that Defendant is a "debt collector" subject to the Act.

4

However, in his Complaint, Birdow has provided no details regarding harassment or abuse, false or misleading representations in collecting the debt, unfair or unconscionable debt collection activities, or failure to provide the required information regarding the debt. *See* 15 U.S.C. §§ 1692d (detailing prohibited harassment and abuse under the FDCPA); 1692e (detailing false and misleading representations that may not be used in connection with the collection of any debt); 1692f (detailing the unfair or unconscionable means debt collectors are prohibited from using); 1692g (detailing the information that must be provided to the debtor regarding the debt). Birdow fails to identify any specific provision of the FDCPA or TDCA that he alleges Defendant violated.  Birdow simply cites to the elements of a FDCPA claim, and then asserts that he was sent two letters in an effort to collect the debt in issue. Even liberally construing the Complaint, the letters do not constitute a violation of the Act. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 556 n. 3. Birdow has pled no basis to conclude that he is entitled to relief. Therefore, he has failed to state a claim upon which relief may be granted pursuant to the FDCPA or the TDCA. Birdow's suit should be dismissed pursuant to 28. U.S.C. § 1915(e)(2)(B)(ii).

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Birdow *in forma pauperis* status (Dkt. No. 1).  Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant. Further, the undersigned **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court **DISMISS** this case **WITHOUT PREJUDICE**.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of August, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE